UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GREGORY BARNES                                                                    PLAINTIFF

V.                                  No. 4:20-CV-00067-JTR[1]

CLARK GREEN, Officer,
Dallas County Detention Center, *et al.*                                  DEFENDANTS

## JUDGMENT

On this 1st day of September, 2022, this action came before the Court for a bench trial. Plaintiff Gregory Barnes ("Mr. Barnes") appeared *pro se*, via simultaneous video-conferencing, from the Terry Sanford Federal Building and Courthouse in Raleigh, North Carolina. The Defendants, Clark Green, Dillon McKee, and Kevin Archer (referred to collectively as "Defendants"), appeared in person, with their attorney, Colin Heaton.

In his pleadings Mr. Barnes alleges that, on January 10, 2019, while he was a federal pretrial detainee in the Dallas County Detention Center ("DCDC"), Defendants used excessive force against him and refused to provide him with medical care. Before hearing evidence on the merits of Mr. Barnes's § 1983 claims, Mr. Heaton, on behalf of the Defendants, orally moved for Judgment on Partial

---

[1] By consent of the parties, this case was referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *Doc. 17*.

Findings, pursuant to Federal Rule of Civil Procedure 52(c), based on Mr. Barnes's alleged failure to exhaust administrative remedies on his claims, as required by § 1997(e) of the Prison Litigation Reform Act ("PLRA").

The Court allowed both sides to present evidence on the threshold issue of whether Mr. Barnes had exhausted his administrative remedies. Defendants relied on exhibits introduced into evidence and the testimony from DCDC Jail Administrator Tischa Johnson. Mr. Barnes offered testimony in support of his attempts to exhaust his administrative remedies, but claimed he was thwarted or prevented from exhausting his administrative remedies on his claims.

After hearing the arguments from both sides on the exhaustion issue, and carefully evaluating the evidence, I stated from the bench my findings of fact and conclusions of law explaining in detail why Defendants had established by a preponderance of the evidence that: (1) Mr. Barnes failed to exhaust his administrative remedies, before initiating this action; and (2) Mr. Barnes was not thwarted or prevented from exhausting the administrative remedies available to him in the DCDC. Accordingly, the Court GRANTED Defendants' Motion for Judgment on Partial Findings.

Judgment is hereby entered in favor of Defendants Clark Green, Dillon McKee, and Kevin Archer. The Complaint and Amended Complaint by Plaintiff Gregory Barnes are dismissed, without prejudice, based on his failure to exhaust

administrative remedies in accordance with § 1997(e) of the PLRA. The case is closed, and the relief sought is hereby denied.

IT IS SO ORDERED this 1st day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

3